IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| VALARIE BALDWIN, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-1352 |
| | ) | Judge Nora Barry Fischer/ |
| JAMES B. PEAKE, Secretary of the | ) | Chief Magistrate Judge Amy Reynolds Hay |
| Department of Veterans Affairs, | ) | |
| Defendant | ) | |

MEMORANDUM ORDER

Valarie Baldwin ("Baldwin" or "the Plaintiff") filed this pro se action against her employer, the Department of Veterans Affairs Pittsburgh Healthcare System, alleging that she was subjected to harassment based on her age and race in violation of the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. §621 et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. She also alleges that her employer retaliated against her for filing discrimination claims with the Equal Employment Opportunity Commission ("EEOC"). In the pending Motion to Strike or Dismiss (Doc.8)[1] filed by the Secretary of Veterans Affairs, James J. Peake ("the Defendant" or "the Secretary"), the Defendant challenges certain requests for relief included in Baldwin's Amended Complaint. (Doc. 2). These include her request for punitive damages under Title VII and the ADEA, compensatory and liquidated damages under the ADEA, and damages in excess of $300,000 under Title VII. The Secretary also challenges Baldwin's right to a jury trial under the ADEA, and her request for an award of back pay and damages under the Fair Labor Standards Act of

---

[1] The Secretary also styles his Motion, in the alternative, as one to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1). Because the Court concludes that the issues raised in the Motion are best addressed under Rule 12(f), it does not consider the application of Rule 12(b)(1).

1938, 29 U.S.C. 29 U.S.C. § 201 et. seq. ("FLSA").  Last, the Secretary asks that the Court dismiss any state law claim based on alleged defamation and reputational injury.

Baldwin, who is now represented by counsel, opposes this Motion on several grounds, as discussed below.  For the reasons that follow, we consider the Motion as a Motion to Strike and will grant it in part and deny it in part.

Federal Rule of Civil Procedure 12(f) provides in relevant part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "Immaterial matter is that which has no essential or important relationship to the claim for relief." Del. Health Care, Inc. v. MCD Holding Co., 893 F.Supp. 1279, 1291-92 (D. Del.1995).  "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id.

"District Courts are afforded 'considerable discretion' when addressing a motion to strike. Generally, motions to strike are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." Charleston v. Salon Secrets Day Spa, Inc., No. 08-5889, 2009 WL 1532050, at *2 (E.D. Pa. June 1, 2009) (internal citation omitted) (citing Woods v. ERA Med LLC, No. 08-2495, 2009 WL 141854, at *8 (E.D. Pa. Jan. 21, 2009) (quoting River Rd. Dev. Corp. v. Carlson Corp, No 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990)).

Baldwin argues first that the Secretary's Motion to Strike must be denied in the absence of a showing that he would suffer prejudice if the Motion were not granted.[2]  Despite statements

---

[2] She also makes the corollary argument that she will be prejudiced if the Motion is granted, because she will not be able to take advantage of any future changes in the law.  This argument is meritless. Under the Plaintiff's logic, courts could never grant a Motion disposing of claims prior to the entry of judgment after trial.

in some case law adverting to a prejudice requirement inherent in the application of Fed. R. Civ. P 12(f), courts may - and regularly do - exercise discretion to strike requests for relief that are not recoverable as a matter of law. They do so in order to streamline the litigation process, without requiring or discussing a showing of prejudice. See FEDPROC § 62:421 (citing cases); AMJURJOBDISC § 2277 (same). See also Wilson v. The Canada Life Assur. Co., No. 4:08-CV-1258, 2009 WL 532830, at *2 n.4 (M.D. Pa. March 3, 2009)(construing motion to dismiss count of amended complaint as motion to strike claim for punitive damages); Woods, 2009 WL 141854, at *8 (granting motion to strike punitive damages claim); Lindblom v. Sec. of Army, No. 2:06-cv-2280, 2007 WL 1378019, at *1-2 (E.D. Ca. May 10, 2007) (granting motion to strike claim for jury trial, liquidated damages and compensatory damages under ADEA); Kearns v. Ford Motor Co., No CV 05-5644 AG, 2007 WL 5110308, at *1 (C.D. Cal. March 22, 2007) (ruling that motion to strike is proper vehicle for granting defendant's challenge to portion of rather than entire claim); Aronson v. Creditrust Corp., 7 F. Supp.2d 589, 593-94 (W.D. Pa. 1998) (granting motion to strike punitive damages not recoverable under relevant statute); P.M.C., Inc. v. Eckstein, No. 91 C 3709, 1992 WL 114945, at *3 (N.D. Ill. 1992) ( finding motion to strike "appropriate vehicle by which to raise" argument that punitive damages were not recoverable); Alexander v. Consol. Freightways, Co., 421 F. Supp. 450, 452 (D.C. Col. 1976)(finding motion to strike proper procedural method for eliminating request for punitive and compensatory damages). These cases and myriad others convince the Court that where a claim for relief is precluded by law, and there is no outstanding issue of law or fact with respect to availability of that relief, a motion to strike is a proper method for narrowing the damages aspect of the case.[3]

---

[3] The Court recognizes that a significant number of Courts have found, at least impliedly, that where a defendant seeks to remove certain categories of damages from a case, a motion to dismiss, rather than a motion to strike, is appropriate. See, e.g., Lancer Arabians, Inc. v. Beech Aircraft Corp 723 F. Supp. 1444 (M.D. Fl. 1989); Wray v. Edward Blank Assocs., 924 F.Supp. 498, 501 (S.D.N.Y.1996);

3

This conclusion is not altered by the fact that the Defendant's Motion to Strike was untimely in that it was electronically docketed approximately four minutes after docketing of the Defendants's Answer. It is true that the filing of the Motion prior to the Answer is contrary to Fed. R. Civ P.12(f)(2), which provides that a court may act on a Motion to Strike "made by a party either *before responding to a pleading*, or if a response is not allowed, within 20 days after being served with the pleading." Id. (emphasis added). This technical "violation" should not, however, prevent the Court from considering the merits of the Defendant's Motion.

In framing her waiver argument, the Plaintiff ignores the fact that the Court is authorized to strike material from a pleading, sua sponte, at any time. See Fed. R. Civ. P. 12 (f)(1). See also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1380 ("The court may strike material from a pleading on its own initiative.") Moreover, the "time limitations of Rule 12(f) should not be applied strictly when the motion to strike seems to have merit." Id. (collecting cases where courts have considered the merits of untimely motions to strike).

Courts have also avoided defects in motions to strike by considering the issues raised therein as though the motion had been filed pursuant to Fed. R. Civ. P. 12(b)(6). See Great N. Paper Co. v. Babcock & Wilcox Co., 69 (N.D. Ga. 1968).[4]

---

United States v. Taylor, 909 F.Supp. 355, 358 (M.D.N.C.1995) (motion to strike treated as motion to dismiss); Prof'l Asset Mgmt,, Inc. v. Penn Square Bank, 566 F. Supp.134, 136 (D.Okla.1983) (same). The Court finds that the result it reaches with respect to the Motion to Strike would be the same under Fed. R. Civ. P. 12(b)(6).

[4] Baldwin argues that this procedural avenue for narrowing damage claims is also closed: "Fed. R. Civ. P. 12(b) provides that a motion for relief pursuant to Rule 12(b) (1-7) 'must be made before pleading if a responsive pleading is allowed.'" (Doc. 18 at 2) (quoting Rule). As she did with the Motion to Strike, Baldwin contends that the Secretary has waived the right to rely on a Motion to Dismiss as the vehicle for narrowing her damage claims.
   The case law demonstrates that the provisions of Rule 12(b) have not been interpreted as woodenly as Baldwin suggests. In fact, courts have been creative in skirting the bar imposed by technical violations of the Rule's timing requirements. See, e.g., Beary v. West Publ'g Co., 763 F.2d 66, 68 (2d

4

Although review of the relevant case law demonstrates that there is no single clear path through the procedural thicket created by the intertwining application of Rules 12(f),12(b)(6) and 12(c), it also establishes that courts have interpreted these rules broadly, in order to allow irrelevant material to be removed from the Complaint. Having found that the four minute interval between filing of the Motion to Strike and the Answer does not preclude consideration of the Motion to Strike, the Court turns to the challenged damage claims.

**Claims for Punitive Damages Under Title VII**

The Plaintiff concedes that she is not entitled to punitive damages under Title VII. (Doc. 18 at n.6).

**Title VII Claim for Compensatory Damages in Excess of $300,000**

When Congress amended Title VII in 1991, permitting recovery for compensatory and punitive damages, it linked the amounts recoverable to the size of the employer. Title VII limits recovery to $50,000 from employers having 15 to 100 employees, $100,000 from employers

---

Cir. 1985) (contention that defendant, by filing a simultaneous answer and motion to dismiss, waived its right to move to dismiss the complaint was "frivolous;" nothing prohibits filing a motion to dismiss with an answer, since "that very filing puts the plaintiff on notice that the defendant is not waiving its right to assert the motions"); Beebe v. Williams College, 430 F. Supp.2d, 18, 21 (D. Mass. 2006) (though technically improper for defendant to answer complaint and simultaneously move to dismiss, error was immaterial where Rule 12(b) defenses were mentioned in the answer); Braun Const. Serv. Inc. v. Richard's Restoration, Inc., No. 3:05-CV-129, 2006 WL 73617 at *1, (E.D. Tenn. Jan 11, 2006) (same).
    Other courts have taken a slightly different approach, holding that where an answer and a Rule 12 motion are filed simultaneously, the motion will be treated as having been filed first. See Texas Taco Cabana, L.P. v. Taco Cabana of N.M., 304 F. Supp. 2d 903 (W.D. Tex. 2003);U. S. Fid. & Guar. Co. v. Bank of Bentonville, 29 F. Supp. 2d 553 (D. Ark. 1998); Invamed Labs, Inc. v. Barr Labs, Inc., 22 F. Supp. 210 (D.N.Y. 1998); Contois v. State Mut. Life Assur. Co., 66 F. Supp.76, 77 (N.D. Ill. 1945).
    Still others have elected to treat untimely Rule 12(b)(6) motions as motions for judgment on the pleadings pursuant to Rule 12(c). See Kuhlmeier v. Hazelwood Sch. Dist., 578 F. Supp. 1286, 1291 (D. Mo. 1984) (although Rule12(b)(6) motion was "untimely," having been filed with the answer, court construed motion to have been made for judgment on the pleadings under Rule 12(c), rejecting formal distinction between the motions). See also Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir.2002) (same); Webster Indus. v. Northwood Doors, 234 F. Supp.2d 981,989 (N.D. Iowa 2002) (same); Puckett v. United States, 82 F. Supp.2d 660, 663 (S.D. Tex. 1999)(same); Provident Life and Cas. Ins. Co. v. Ginther, No. 96-CV-0315E 1997 WL 9779, at *1 (W.D.N.Y. 1997)(same).

having 101 to 200 employees, $200,000 in damages from employers having 201 to 500 employees, and $300,000 from employers with more than 500 employees. See 42 U.S.C. § 1981a(b)(3) (1994); Hiler v. Brown, 177 F.3d 542, 547 (6th Cir. 1999). The Plaintiff recognizes that her damages are capped. (Doc 18 n.6). Although, as the Plaintiff says, this cap would apply even were a jury to award a higher amount, there is no good reason not to clarify now that the Plaintiff is not entitled to more. Her Title VII claims for amounts exceeding $300,000 should, therefore, be stricken from the Amended Complaint.

**The Right to Jury Trial Under the ADEA**

The Court will also strike Baldwin's claim for a jury trial under the ADEA. Federal employees are not entitled to have these claims tried to a jury. "Accepted principles of sovereign immunity require that a jury trial right be clearly provided in the legislation creating the cause of action." Lehman v. Nakshian, 453 U.S. 156, 162 n.9 (1981) superseded by statute on other grounds as stated in Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1181 (2d Cir. 1992). The ADEA does not contain such a provision. Id. at 162. See also Buzan v. Reich, No. Civ. A. 94-6204, 1995 WL 752375, at *1 (E.D. Pa. Dec. 15, 1995) (collecting cases holding that there is no right to trial by jury for claims made under the ADEA).

**Compensatory Damages under the ADEA**

Baldwin's claim for compensatory damages under the ADEA also fails. "Courts of Appeals have unanimously held ... that the ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress." C.I.R. v. Schlier, 515 U.S. 323, 326 (1995) (collecting cases). See also Steward v. Sears Roebuck & Co., 312 F. Supp.2d 719, 730 (E.D. Pa. 2004)(granting motion for summary judgment in favor of defendant on claims under the ADEA for pain, suffering, humiliation and embarrassment as "neither punitive damages nor damages for pain and suffering are recoverable under the ADEA"). The Plaintiff does not

6

challenge, and does not cite authority to contravene the Secretary's argument that compensatory damages are not available under the ADEA. Her request for compensatory and punitive damages under the ADEA will be stricken.

**Liquidated Damages Under the ADEA**

Pursuant to the ADEA, Baldwin asks for liquidated damages equal to twice any backpay award. While there is a provision of the ADEA that authorizes recovery of liquidated damages where the defendant is a private employer, see 29 U.S.C. §626(b), the provision applicable to public sector employers does not contain this language. See 29 U.S.C. §633a(c). The Court of Appeals for the Third Circuit has not addressed whether liquidated damages are available to a federal employee alleging discrimination in violation of the ADEA. Only one Court of Appeals has ruled on this issue. In Smith v. Office of Personnel Mgmt,, 778 F.2d 258, 263 (5th Cir. 1985), the Court of Appeals, characterizing the plaintiff's liquidated damages claim as "frivolous," held: "Nothing in the ADEA indicates an intent by Congress to permit the recovery of damages beyond lost wages ." Id. at 261. This decision has been cited and followed by multiple district courts, including many outside of the Fifth Circuit, see e.g., Chambers v. Weinberger, 591 F. Supp.1554, 1557 (D. Ga. 1984) (noting that Congress "declined to incorporate [liquidated damages remedy] into the ADEA enforcement scheme for federal employees"), and at least one in Pennsylvania. See Duffy v. Halter, No. CIV. A. 99-3154, 2001 WL 253828, at *7 (E.D. Pa. 2001) (agreeing that liquidated damages are not available in ADEA action against federal government). Baldwin has not cited, and the Court has not located, a single decision in which a Court has reached a contrary result. Baldwin has also failed to suggest any reason why this Court should be the first to do so. Consequently, the Secretary's Motion to Strike Baldwin's claim for liquidated damages under the ADEA will be granted.

**Baldwin's Demand for Back Pay and Benefits Under the FLSA**

The Plaintiff clarifies that she does not claim back pay and damages under the FLSA, but instead references that Act "as one of several jurisdictional sources." (Doc. 18 at n.1). Given that Baldwin has not addressed the jurisdictional relevance of the FLSA - in fact, it has none - all references to the FLSA will be stricken from the Amended Complaint.

**The Secretary's Challenge to Claims for Defamation and Reputational Injury**

In her brief, Baldwin states that she has not asserted state law tort claims, but has asked that if she is able to prove defamation or reputational injury, these injuries be considered in calculating any compensatory damages to which she may be entitled under Title VII. (Doc. 18 at 6). The Court does not find any reason to disturb this portion of the Plaintiff's request for relief.

For the reasons set forth above, this 30th day of June, 2009, IT IS HEREBY ORDERED that the Secretary's Motion to Strike (Doc. 8) is granted in part and denied in part. It is GRANTED with regard to: (1) the requests for a jury trial, punitive damages, and liquidated damages under the ADEA; (2) punitive damages, or compensatory damages exceeding $300,000 under Title VII; and (3) all references to the FLSA. It is hereby DENIED in all other respects.

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

cc:   All counsel of record by Notice of Electronic Filing